KENNETH E. LINDNER, Secretary Department of Administration
You note that on May 21, 1979, the Governor issued a memorandum to all state agencies to conserve energy by limiting travel and in part suggested "[t]here should be maximum usage of the telephone and telephone conferencing capabilities, the mails, and other available communication networks in lieu of travel." You state that the Emergency Number Systems Board, which is created by sec. 15.105 (9), Stats., and is composed of eleven members, many of whom reside in areas distant from Madison, would like to conduct certain business by telephone for a number of reasons including the conservation of energy.
You inquire "[w]hether telephone conference calls between members of a public body is permissible or whether it constitutes a `meeting' under Wisconsin's Open Meeting Laws."
The alternatives you present in your question are not necessarily mutually exclusive. Rather, there are two distinct questions. 1. Does a telephone conference call among members of a governmental body constitute a meeting for the purpose of the open meetings law? 2. If it does, is such a meeting permissible?
As to the first question, it is my opinion that a telephone conference call among members of a governmental body, and especially a majority thereof, does constitute a "meeting" as the term is defined in sec. 19.82 (2), Stats.: *Page 144 
 "Meeting" means the convening of members of a governmental body for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body. If one-half or more of the members of a governmental body are present, the meeting is rebuttably presumed to be for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body. The term does not include any social or chance gathering or conference which is not intended to avoid this subchapter.
It is true that in a telephone conference call participants do not convene in the traditional sense because they are not physically gathered together. But they are convened in the sense that they can effectively communicate and exercise the authority vested in the body. To hold otherwise would allow the intent and purpose of the law to be frustrated by resort to any one of a number of modern communication techniques that permit communication without the participants being physically gathered together.
The second question is whether a telephone conference meeting may be conducted in a manner that satisfies the open meetings law. It is my opinion that it can.
The legislative policy underlying the open meetings law is stated in sec. 19.81 (2), Stats.: "To implement and ensure the public policy herein expressed, all meetings of all state and local governmental bodies shall be publicly held in places reasonably accessible to members of the public and shall be open to all citizens at all times unless otherwise expressly provided by law."
As stated in 67 Op. Att'y Gen. 126 (1978):
 The statute does not require that all meetings be held in publicly owned places but rather in places "reasonably accessible to members of the public." There is no requirement that the place which has the greatest accessibility be utilized or that it be owned by the public. Public meetings are often held in privately owned hotels, theaters, etc. *Page 145 
 . . . The test to be utilized is whether the meeting place is "reasonably accessible," and that is a factual question to be determined in each case.
(Emphasis added.)
A telephone conference meeting may be considered "reasonably accessible" if the public and news media may effectively monitor it. This can be accomplished by the use of a speaker that broadcasts the telephone conference located at one or more sites to which the public and news media have access. In such a situation the public and the media have the same "access" to the discussions as each member of the body who is on the line.
Conversely, a telephone conference meeting that was conducted in such a manner that would deny the public and news media an opportunity to effectively monitor would not comply with the open meetings law.
I might point out that by using more than one public listening site, there is the potential for making a meeting accessible to more people at more locations than the traditional single meeting where the members of a governmental body physically gather.
There are several types of public business which I would consider inappropriate for a conference call meeting. As an example, many public bodies conduct business in a manner which encourages, and in some instances requires, public participation or comment at the meeting. While current technology would allow members of the public to "plug in" or participate through a speaker phone, the process would likely be cumbersome and discouraging to participants. Similarly, many bodies routinely conduct hearings or inquiries where the demeanor of witnesses or participants is valuable in assessing both the weight and credibility of the presentation. Finally, there are meetings where complex plans, engineering drawings, charts, and the like need to be displayed and explained. In my view each of the above situations and like situations would not be "reasonably accessible to the public" because important parts of the deliberations could not or would not be communicated to the public or the media.
As you know, the open meetings law applies to all governmental bodies in the state. Your concern for energy savings and convenience should not in most instances be an excuse for holding telephone conference *Page 146 
meetings at the local level where distances are smaller. In principle, the public should be getting the most open and accessible government possible. This opinion holds only that telephone conference calls are an acceptable method of convening a meeting. They are probably not the most desirable method of doing so and should be used sparingly and with the spirit of the law in mind.
Finally, any meeting conducted via a telephone conference call is subject to all the provisions of the open meetings law, secs.19.81-19.89, Stats., including the public notice requirements under sec. 19.84, Stats.
BCL:DJH:RWL